UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROGER V ROBINSON ET AL                    CIVIL ACTION NO. 24-cv-1621

VERSUS                                     MAGISTRATE JUDGE HORNSBY

GRAND CANE ENTERPRISES, LLC, ET AL

**MEMORANDUM RULING**

**Introduction**

Roger and Dixie Robinson ("Plaintiffs") filed this civil action in state court against Grand Cane Enterprises, LLC and Claydine Robinson. Plaintiffs alleged that they had an interest in the LLC and Claydine, as manager, did not fulfill her legal obligations to them. The defendants removed the case based on diversity jurisdiction, the parties consented to have the case decided by the undersigned magistrate judge, and the district judge entered an order of reference pursuant to 28 U.S.C. § 636(c). Before the court is the defendants' Motion for Partial Dismissal (Doc. 6) on the grounds that all claims based on acts or omissions before October 21, 2021 are untimely under the three-year limitations period set forth in La. R.S. 12:1502. For the reasons that follow, the motion will be denied.

**Subject Matter Jurisdiction**

The court must first address subject matter jurisdiction, which must be ascertained even if no party challenges it. Plaintiffs allege in their petition that they are members of the defendant LLC. The citizenship of an LLC is based on that of its members, so it is ordinarily impossible for a member of an LLC to sue the LLC based on diversity

jurisdiction. See, e.g., Gill v. Grewal, 2020 WL 3171360, *6 (S.D. Tex. 2020) ("in any suit in which an LLC sues, or is sued by, one if its members, the LLC will hold the same citizenship as the opposing party, thus defeating diversity jurisdiction").

In this case, however, Claydine explained in detail in her notice of removal that she (a citizen of Arkansas) is the sole member of the LLC, and the non-member Plaintiffs are citizens of Texas. Claydine represented that Plaintiffs were never formally admitted as members of the LLC, so they are at best "substituted members" that under the terms of the operating agreement lack the status of a member.

The undersigned has found in a similar setting that there was a basis for the exercise of diversity jurisdiction when a plaintiff made an assertion of membership, the defendant LLC strongly contested that assertion, and the LLC did not treat or recognize the plaintiff as a member at the time suit was filed. Pitts v. United Built Homes, 2022 WL 19333369 (W.D. La. 2022). The Fifth Circuit has also recognized that there may be a distinction between ownership of an interest in an LLC and actual membership, with only membership being relevant to citizenship. SXSW, L.L.C. v. Fed. Ins. Co., 83 F.4th 405, 408 (5th Cir. 2023). Accordingly, the court finds that there is a basis for the exercise of diversity jurisdiction over this civil action.

**Rule 12(b)(6) and a Timeliness Defense**

Defendants base their motion on Fed. R. Civ. Pro. 12(b)(6) and the limitations periods found in La. R.S. 12:1502. In assessing a motion to dismiss based on Fed. R. Civ. Pro. 12 (b)(6), the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007). This motion does not argue that the allegations in the complaint do not state plausible claims on which relief may be granted. Rather, it asserts that the claims presented are untimely because the pleading that commenced the action was filed beyond the applicable limitations period.

The statute of limitations is an affirmative defense that "places the burden of proof on the party pleading it." Frame v. City of Arlington, 657 F.3d 215, 239 (5th Cir. 2011) (en banc). "Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." Alexander v. Verizon Wireless Servs, LLC, 875 F.3d 243, 249 (5th Cir. 2017).

The latest that La. R.S. 12:1502 allows an action of this type to be brought is "three years from the date of the alleged act or omission." This civil action was filed in state court on October 21, 2024, so Defendants much show, on the face of the petition, that the claims are based on acts or omissions that committed or omitted before October 21, 2021 to prevail on their timeliness defense.

**Relevant Facts**

Plaintiffs allege that they became members of the LLC in 2005 with an ownership interest of roughly 3.81% each. Petition, ¶ 5. The structure of their ownership interest was so that it would increase annually until they each had a 25% interest by 2011. ¶ 7. Plaintiffs allege that the LLC has failed to make adequate and equitable distributions to them since they became members. ¶ 8. The petition does not allege any particular years in which distributions were allegedly due.

Plaintiffs allege that Claydine told them that they would receive distributions proportional to their interests until they became 25% interest owners, and the remainder of distributions owed to them would be invested in a brokerage account for their benefit. ¶ 9. They allege that no such account was ever established and, instead, Claydine received distributions that were owed to Plaintiffs. ¶ 10. Plaintiffs contend that they have been shorted roughly $500,000 each in distributions. ¶ 11.

Plaintiffs allege that the LLC made a series of silver bullion purchases in 2008 and 2009 when the spot price for silver was between $11 and $17. ¶¶ 13-14. "On July 13, 2021, Claydine, as manager of Grand Cane, authorized Grand Cane to sell all of its silver bullion to Claydine, personally, for the same price it was purchased for nearly 13 years prior." ¶ 15. Plaintiffs allege that the spot price of silver by July 13, 2021 was more than $26, with the result that Claydine gave herself a discount on Grand Cane's silver of more than $80,000. ¶¶ 16-19. If Grand Cane had held on to the silver, its total value today would be significantly greater. ¶ 22.

Plaintiffs allege that they were informed that the LLC held roughly $200,000 in gold bullion, but Claydine has refused to provide any documentation or information about the gold, and Plaintiffs believe that Claydine has converted it. ¶ 23. They allege that the bullion matters amount to a breach of fiduciary duty or fraud. ¶ 24. Plaintiffs pray for relief including a judgment of $1,000,000 for discrepancies in distributions plus more than $60,000 that represents 50% of the loss in value of the LLC's silver. They also seek removal of Claydine as manager and that they be appointed as managers or, alternatively, the LLC be dissolved.

**Analysis**

Louisiana law provides specific limitations period for actions against any member of an LLC or other Louisiana business organization for an unlawful distribution, breach of fiduciary duty, and the like. The statute, La. R.S. 12:1502, provides in relevant part:

> C. No action for damages against any person described in Subsection A of this Section for an unlawful distribution, return of an unlawful distribution, or for breach of fiduciary duty, including without limitation an action for gross negligence, but excluding any action covered by the provisions of Subsection D of this Section, shall be brought unless it is filed in a court of competent jurisdiction and proper venue **within one year** from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, **but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act, omission, or neglect.**
>
> D. No action for damages against any person listed in Subsection A of this Section for intentional tortious misconduct, or for an intentional breach of a duty of loyalty, or for an intentional unlawful distribution, or for acts or omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, shall be brought unless it is filed in a court of competent jurisdiction and proper venue **within two years** from the date of the alleged act or omission, or within two years from the date the alleged act or omission is discovered or should have been discovered, **but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act or omission.**
>
> E. The time limitations provided in this Section shall not be subject to suspension on any grounds or interruption except by timely suit filed in a court of competent jurisdiction and proper venue. (Emphasis added.)

The statute provides two-year and three-year prescriptive provisions, and it also provides a three-year preemptive period that bars an action that is brought more than three years from the date of the alleged act or omission. Succession of Tripp, 387 So.3d 939, 950 (La. App. 2d Cir. 2024).

Defendants admit that "Plaintiffs' pleading does not specify the date(s) on which the allegedly improper distributions were made." That defeats Defendants' attempt to dismiss those claims as untimely. A Rule 12(b)(6) motion based on a limitations defense is proper only if the grounds for the defense "clearly appear on the face of the plaintiff's complaint." Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 (5th Cir. 1997). Under federal pleading requirements, "a plaintiff is not required to allege that his claims were filed within the applicable statute of limitations." Frame, 657 F.3d at 239-40. The limitations defense does not appear on the face of the complaint with respect to the distributions claim, so Defendants have not met their burden to obtain Rule 12(b)(6) dismissal of that claim.

The same is true with respect to Claydine's alleged conversion of gold bullion. Defendants argue that "Plaintiffs do not identify the date that this alleged act occurred." Plaintiffs were not required to allege the date of the event. The limitations defense does not appear on the face of the petition with respect to the gold conversion claim, so a Rule 12(b)(6) dismissal of the claim as untimely is not permitted.

The final claim targeted by Defendants relates to the LLC's alleged sale of silver bullion to Claydine. The petition does allege that on July 13, 2021 (more than three years before this suit was filed in state court on October 21, 2024) Claydine "authorized Grand Cane to sell all of its silver bullion to Claydine" for its original price. Plaintiffs note that the petition does not specifically allege the date on which the bullion was actually sold to Claydine, and they are correct. Merely authorizing the LLC to make the sale, and the LLC

actually completing the sale are different things, and it is possible that the sale itself was not conducted until later when it would fall within the limitations period.

Plaintiffs' memorandum in opposition attached letters, including Exhibit A that is a letter from an attorney. Plaintiff offered the letter for another reason, but the court notes that it quotes a person associated with the LLC as saying, "On July 13, 2021, Claydine individually purchased all of the silver coins from Grand Cane Enterprises for $91,265." Defendants attacked this exhibit in their reply as hearsay and procedurally inappropriate to consider in a Rule 12(b)(6) contest. Their arguments on that point are correct, so the court affords the letter no consideration.

Given the dates that are mentioned in the petition, it is likely that Defendants will be able to mount timeliness arguments with respect to some of the claims, or at least certain aspects of them. But it is premature to dismiss any claim based on a limitations defense at this preliminary stage of pleadings review; no claim attacked in the motion to dismiss is untimely on the face of the petition. Defendants will have to attempt to mount their timeliness defenses through a motion for summary judgment or at trial. For these reasons, **Defendants' Motion for Partial Dismissal (Doc. 6) is denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 8th day of September, 2025.

Mark L. Hornsby
U.S. Magistrate Judge