UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROGER V ROBINSON ET AL                         CIVIL ACTION NO. 24-cv-1621

VERSUS                                         MAGISTRATE JUDGE HORNSBY

GRAND CANE ENTERPRISES, LLC, ET AL

## MEMORANDUM RULING

### Introduction

Roger and Dixie Robinson ("Plaintiffs") filed this civil action in state court against Grand Cane Enterprises, LLC and Claydine Robinson (Dixie's mother).  Plaintiffs alleged that they were members of the LLC and that Claydine, as manager, did not fulfill her legal obligations to them.  Grand Cane and Claydine removed the case based on an assertion of diversity jurisdiction, the parties consented to have the case decided by the undersigned magistrate judge, and the district judge entered an order of reference pursuant to 28 U.S.C. § 636(c).  Before the court is Plaintiffs' Motion to Remand (Doc. 41) on the grounds that there is not complete diversity of citizenship.  For the reasons that follow, the motion will be granted, and this case will be remanded to state court.

### Analysis

Plaintiffs alleged in their petition that they are members of the defendant LLC.  The citizenship of an LLC is based on that of its members, Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008), so it is ordinarily impossible for a member of an LLC to sue the LLC based on diversity jurisdiction.  See, e.g., Gill v. Grewal, 2020 WL 3171360,

*6 (S.D. Tex. 2020) ("in any suit in which an LLC sues, or is sued by, one if its members, the LLC will hold the same citizenship as the opposing party, thus defeating diversity jurisdiction").  The same rules apply to determining the citizenship of a partnership, and the Fifth Circuit has held that there is no diversity when a partner sues the partnership. Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1992).

The court earlier made a sua sponte assessment of diversity jurisdiction and found that there was a basis to exercise it.  The issue had not been briefed or contested by Plaintiffs, and Claydine had stated in her notice of removal that she (a citizen of Arkansas) was the sole member of the LLC, and Plaintiffs (citizens of Texas) were never formally admitted as members of the LLC and were at best "substituted members" that under the terms of the operating agreement lacked the status of a member.

Plaintiffs have since enrolled new counsel and filed a motion to remand that focuses on the diversity of citizenship issue.  Such a challenge to subject-matter jurisdiction can be raised at any time prior to final judgment, and the court "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal."  Grupo Dataflux v. Atlas Glob. Grp., L.P., 124 S.Ct. 1920, 1924 (2004).  "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).  Accordingly, the court will assess diversity of citizenship based on the facts that existed at those times.

"The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." Ray v. Bird and Son and Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975).  Here, it was Grand Cane and Claydine who invoked the federal court's jurisdiction by removing the case. Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir.1988) (party removing a case to federal court is invoking the jurisdiction of the federal courts). Plaintiffs challenged the federal court's jurisdiction by arguing in their motion to remand that they are, as alleged in their petition, members of the defendant LLC.  The burden is therefore on Grand Cane and Claydine to plead and prove that Plaintiffs are wrong and that they are not members of the LLC.  Guerrero v. State Farm Mut. Auto. Ins. Co., 181 F.3d 97 (5th Cir. 1999) (unpublished).

Plaintiffs alleged in their state court petition that they "are members of Grand Cane Enterprises, LLC, and each hold a 25% ownership interest in the company, or 50% collectively." Petition, ¶ 3.  Plaintiffs alleged that they "became members of" the LLC "in 2005," with interests that began at roughly 3.81% each.  ¶ 5.  They also alleged that, pursuant to agreement, they "each became 25% owners in Grand Cane in 2011."  ¶ 7. Plaintiffs claimed that Claydine did not make all distributions that were due to them and otherwise mismanaged assets of the company.  They prayed for judgment of $1,000,000 for estimated discrepancies in distributions plus damages related to mismanagement of certain assets.  They also asked that Claydine be removed as manager, that Plaintiffs be appointed as managers or, alternatively, that the LLC be dissolved and its assets distributed to its members proportionate to their ownership interests.  Thus, the petition squarely and

repeatedly alleged that each plaintiff was a member of the LLC long before and when suit was filed.

Grand Cane and Claydine filed a notice of removal based on an assertion of diversity jurisdiction.  They asserted that Claydine (Arkansas) was the sole member of Grand Cane, thus making the LLC a citizen of Arkansas (and no other state).  The removing defendants acknowledged that Plaintiffs "claim that they are members of Grand Cane" but urged that Plaintiffs were not members because not all requirements of the operating agreement had been satisfied to formally admit them as members.  The notice of removal did state in paragraph 17 that in 2005 Plaintiffs each contributed $11,000 to the LLC "and, in exchange, each acquired a 3.8% *membership* interest in the company."  (Emphasis added.) Defendants acknowledge that they made that statement in their notice of removal—which if true is fatal to their argument for diversity jurisdiction—but they now say it was an erroneous reference that "did not mean to say that Dixie and Roger had acquired membership status; rather, this was merely a reference to the transfer of Claydine's interest."  Defendants seek to distinguish transfer of membership interests and mere financial interests.

The court will not attempt to resolve the entire merits of the various membership status disputes, but it will note that the parties have submitted two acts of donation that Claydine signed in 2006.  The donations provide evidence to back the allegations of Roger and Dixie in their petition that they were members of the LLC when they commenced this action.  The first donation was to Dixie, and the other was to Roger.  Each donation stated

that Claydine transferred "her interest in the following described property: A 1.5% interest (expressed as sharing ratio) in Grand Cane Enterprises, L.L.C."

Roger and Dixie each agreed in the donations that they had read the articles of organization and operating agreement of Grand Cane and agreed to be bound by all of their terms and conditions. The transfers appear to fit under Section 12.2 of the operating agreement that allows a member to transfer part or all of her interest to a member of her immediate family without compliance of Section 12.1's right of first refusal and other restrictions. Section 14.1 states that a person may be admitted as a member by the decision of the managers (then Claydine) and the majority of the other members (Claydine) "provided that the new member consents in writing in a form satisfactory to the managers to be bound by this operating agreement, and execute such forms as the managers require to effect the admission of the new member." The donations' terms arguably complied with that requirement.

Claydine seeks to discount the donations' impact on citizenship of the LLC. She argues that the reference to the 1.5% interest as a "sharing ratio" simply means "in corporate parlance" the proportion of profits or losses and not necessarily an actual membership interest. But she cites no legal authority that would restrict the language to such a meaning. Plaintiffs' petition squarely alleged that they were then members of the LLC, and there is documentary evidence to support a good faith argument in support of those allegations. Claydine may be able to defeat those allegations eventually, but they appeared on the face of the petition and appear to have been made in good faith and with the benefit of supporting evidence.

The undersigned found in a similar case that there was a basis for the exercise of diversity jurisdiction.  Pitts v. United Built Homes, 2022 WL 19333369 (W.D. La. 2022).  The key difference between Pitts and this case is that Ms. Pitts' desire to become a member of the defendant LLC was the basis for her suit.  She did not allege in her petition that she was a member of the LLC.  Rather, she sought a declaratory judgment that a trust had terminated, that a proper distribution of the trust assets would include transfer to her of a membership interest in the LLC, and that the LLC must treat her as a member rather than a mere assignee.  Plaintiffs in this case filed their suit based on the direct allegation (backed by some evidence) that they were already actual members.  They did not ask the court to declare that they were members; they already considered themselves to be members, and they have some evidence to support that belief.  They ask only for damages due to inadequate distributions and alleged mismanagement.

**Conclusion**

The court originally concluded that there was a basis to exercise diversity jurisdiction.  With the benefit of full briefing and after further consideration, the court is now persuaded that an examination of the pleadings and relevant facts at the time suit was filed and at the time of removal indicate that the removing defendants have not satisfied their burden of demonstrating that there is complete diversity of citizenship.  Claydine may eventually persuade a state court that Plaintiffs were not fully admitted members of the LLC, but she has not marshaled sufficient evidence at this time to overcome, for jurisdictional purposes, Plaintiffs' contentions that they were members of the LLC.

Plaintiffs' Motion to Remand (Doc. 41) is granted.  This civil action is remanded to the First Judicial District Court, Caddo Parish, Louisiana for lack of subject matter jurisdiction.  A judgment will be entered in accordance with this ruling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 25th day of March, 2026.

Mark L. Hornsby
U.S. Magistrate Judge